985 F.2d 577
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert WRIGHT, Plaintiff-Appellant,
v.
UNITED AIRLINES, INC., Defendant-Appellee.
 No. 92-15377.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 27, 1993.*
Decided Feb. 3, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Wright appeals pro se from the district court's summary judgment in favor of United Airlines (United) in Wright's employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Wright contends that the district court erroneously found that Wright's voluntary withdrawal of his first charge of employment discrimination barred his suit. Wright had received a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) in connection with a second complaint alleging that his supervisor retaliated against him for filing the first complaint. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. EEOC v. Local 350, Plumbers and Pipefitters, No. 90-16810, slip op. 14653, 14657 (9th Cir. Dec. 22, 1992).
 
 
 4
 Before filing an action in federal court under Title VII, a private litigant must first file a complaint with the EEOC. 42 U.S.C. § 2000e-5; Stache v. Int'l Union of Bricklayers, 852 F.2d 1231, 1233 (9th Cir.1988), cert. denied, 493 U.S. 815 (1989). Charges before the EEOC are to be construed liberally, but an employee may not bring suit for incidents not listed in his EEOC charge unless they are "like or reasonably related to the allegations of the EEOC charge." Id. at 1233-34 (internal quotations omitted). "To withdraw [an EEOC complaint] is to abandon one's claim, to fail to exhaust one's administrative remedies." Rivera v. U.S. Postal Service, 830 F.2d 1037, 1039 (9th Cir.1987), cert. denied, 488 U.S. 1009 (1988) (holding that federal employee who had opted to pursue administrative remedies could not then "cancel" administrative proceedings and file court action). Title VII places primary responsibility for enforcement of employment discrimination suits with the EEOC, Stache, 852 F.2d at 1233, and "an administrative exhaustion rule is meaningless if claimants may ... abandon the administrative process and yet still be heard in the federal courts," Vinieratos v. U.S., Dept. of Air Force, 939 F.2d 762, 772 (9th Cir.1991).
 
 
 5
 Here, Wright filed his first charge with the EEOC on February 23, 1989, alleging specific acts of discrimination based on race. The EEOC began investigation of this complaint. On July 12, 1989, Wright filed a second charge with the EEOC, alleging that he had been wrongly denied sick time and unfairly disciplined in retaliation for having filed the first EEOC complaint. Wright voluntarily withdrew his first complaint to the EEOC on March 1, 1990, and the EEOC terminated its investigation on those charges on March 8, 1990 without reaching a final conclusion or issuing a right-to-sue letter. Subsequently, the EEOC issued a final determination and right-to-sue letter in Wright's second charge, finding that (1) the sick-leave issue had been resolved and was moot, and (2) there was no retaliatory connection between the alleged unfair disciplinary action and Wright's first complaint.
 
 
 6
 Wright then timely filed the instant action in the district court on August 7, 1991. Although he attached the right-to-sue letter issued in response to his second EEOC charge, his complaint did not allege retaliation. Instead, the complaint listed only the allegations from his first EEOC charge, which he had withdrawn prior to resolution, and other charges which had never been raised before the EEOC.[1] As those allegations were not investigated by the EEOC in response to Wright's second charge, they were not covered by the right-to-sue letter. See Stache, 852 F.2d at 1234. Wright cannot litigate in federal court those charges which he voluntarily withdrew from investigation by the EEOC. See Rivera, 830 F.2d at 1039.
 
 
 7
 Therefore, the district court properly granted summary judgment in favor of United.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his brief on appeal, Wright claims that he alleged retaliation before the district court, but his complaint does not include this charge